**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| FREDRICK JOHNSON | ) | CASE NO. |
| 19471 Ormiston Avenue | ) | |
| Euclid, Ohio 44119 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| RUAN TRANSPORT CORPORATION | ) | |
| 4650 Tiedeman Road | ) | **JURY DEMAND ENDORSED** |
| Brooklyn, Ohio 44144 | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| Ruan Transport Corporation | ) | |
| c/o CT Corporation System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Fredrick Johnson, by and through undersigned counsel, as his Complaint against

Defendant, state and aver the following:

**PARTIES**

1. Johnson is a resident of the city of Euclid, Cuyahoga County, Ohio.

2. Ruan Transport Corporation ("Ruan") is a foreign corporation that operated a business located at 4650 Tiedeman Road, Brooklyn, Ohio 44144.

3. Ruan was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C § 621 e*t seq*.

4. Ruan was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Johnson is alleging Federal law claims under 29 U.S.C § 621 e*t seq.* Age Discrimination in Employment Act of 1974, as amended 29 U.S.C. §§ 621–634 *et seq*.

6. This Court has supplemental jurisdiction over Johnson's state law claims pursuant to 28 U.S.C. § 1367 as Johnson's state law claim is so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. All material events alleged in this Complaint occurred in Cuyahoga County.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Johnson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-00381 against Ruan.

10. More than 180 days have passed since Johnson filed his formal Charge of Discrimination with the EEOC.

11. On or about February 16, 2021, the EEOC issued and mailed a Notice of Right to Sue letter regarding Johnson's EEOC Charge of Discrimination.

12. Johnson has received a Notice of Right to Sue letter from the EEOC, in accordance with 42 U.S.C. 2000e-5(f)(1), which is attached hereto as Exhibit 1.

13. Johnson has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

14. Johnson filed this Complaint within 90 days of receiving the Notice of Right to Sue letter.

## FACTS

15. Johnson is 66 years old, placing him in a protected class for his age.

2

16. Johnson earned his certificate in Vocational Auto-Mechanics in 1975.

17. Johnson completed 1092 hours of vocational auto-mechanics instruction.

18. Johnson earned a Diploma in Automotive Diesel Truck Technology in 1975.

19. Johnson worked for Cardinal Logistics since 2013.

20. Johnson worked for Cardinal Logistics as a heavy truck mechanic.

21. Johnson was paid $24.90 per hour plus benefits.

22. Johnson was the highest rated heavy truck mechanic at Cardinal Logistics.

23. Johnson's employment history contained no disciplinary action.

24. Mike Watson worked for Cardinal Logistics since 2015.

25. Watson is significantly younger than Johnson.

26. Watson completed his vocational training in light auto mechanics.

27. Watson did not receive an education in diesel truck technology.

28. Watson worked in the same mechanic shop as Johnson.

29. Watson worked for Cardinal Logistics as a heavy truck mechanic.

30. Cardinal Logistics ended a transportation contract in 2019.

31. Cardinal Logistics informed Johnson and Watson their positions were no longer needed as of June 2019 because of the end of the transportation contract.

32. Ruan took control of the transportation contract Cardinal Logistics previously controlled.

33. Ruan demanded all Cardinal Logistics employees apply for the positions they currently held if the employees wanted to continue in those positions with Ruan.

34. Ruan requested Johnson and Watson apply for the two diesel technician positions in which the men were currently working.

35. As an incentive to employees to apply for the positions, Ruan issued all applicants gift cards.

36. Johnson applied for the diesel technician position with Ruan on April 6, 2019.

37. Johnson was 64-years-old at the time he applied for the diesel technician position with Ruan.

38. At the time of applying for the diesel technician position with Ruan, Johnson was two years away from retirement.

39. Johnson received a Ruan-issued gift card.

40. Within the industry of diesel truck mechanics, it is customary to give deference to employees with seniority.

41. Watson received notice that Ruan chose to keep him in the diesel technician position in the mechanic shop.

42. In or around the middle of May 2019, Johnson called Steve Sturman.

43. Ruan employed Sturman as the Regional Manager.

44. Upon information and belief, during all material events asserted herein, Sturman has and/or had authority to hire, fire, and/or discipline employees.

45. Sturman did not know the status of Johnson's job application with Ruan.

46. Johnson called Emily Miller who oversaw the transition between Cardinal Logistics and Ruan.

47. Ruan employed Miller as a Recruiting Specialist.

48. Upon information and belief, during all material events asserted herein, Miller has and/or had authority to hire, fire, and/or discipline employees.

49. Miller told Johnson that Ruan did not have a position for which Johnson was qualified.

50. Johnson was qualified for the position he currently held.

51. Johnson was qualified for the diesel technician position for which he applied.

52. Johnson was experienced in the position he currently held.

53. Johnson was qualified for the diesel technician position for which he applied.

54. Ruan did have a position for which Johnson was qualified – the diesel technician position.

55. Miller told Johnson that Ruan did not have a position for which Johnson was qualified because Miller and Ruan did not want to hire a 64-year-old.

56. After Miller and Ruan did not hire Johnson because he was 64 years old, Miller and Ruan continued to advertise the open position for diesel mechanic.

57. Watson told Johnson that he was stunned Ruan did not hire Johnson.

58. Watson told Johnson that Ruan should have hired Johnson.

59. Ruan continues to advertise an open position for diesel technician.

60. Watson continues to work for Ruan as a diesel technician.

61. As a direct and proximate result of Defendant's conduct, Johnson has been denied employment opportunities providing substantial compensation and benefits.

62. As a direct and proximate result of Defendant's conduct, Johnson suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA (29 U.S.C §621 ET SEQ.)

63. Johnson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. At all times relevant, Johnson was a member of a statutorily protected class under the Age Discrimination Act ("ADEA") 29 U.S.C. § 631 *et seq.*

65. Johnson was 64 years old at the time Ruan discriminated against Johnson.

66. Ruan treated Johnson differently from other similarly situated employees based on his age.

67. As of April 6, 2019, Johnson was fully qualified for the position he applied for with Ruan.

68. 29 U.S.C. § 623 provides that it is an unlawful discriminatory practice for an employer to discriminate against a job applicant on the basis of that applicant's age.

69. Ruan violated 29 U.S.C. § 623 *et seq.* by applying employment policies in a disparate manner based on an applicant's age.

70. Ruan refused to hire Johnson because of Johnson's age.

71. Ruan violated 29 U.S.C. § 623 *et seq.* by discriminating against Johnson based on his age.

72. Upon information and belief, Johnson's position was filled by person(s) outside of Johnson's protected class under 29 U.S.C. § 623 *et. seq.*

73. Ruan's refusal to hire Johnson permitted the retention and/or hiring of individual(s) who were significantly younger than Johnson.

74. As a result of Ruan's discrimination against Johnson in violation of 29 U.S.C. § 623 *et. seq.* Johnson has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Johnson to injunctive, equitable, and compensatory monetary relief.

**COUNT II: AGE DISCRIMINATION IN VIOLATION OF O.R.C. § 4112.01 et seq.**

75. Johnson restates each and every prior paragraph of this complaint, as if it were fully restated herein.

76. Johnson was 64 years old at the time Ruan discriminated against Johnson.

77. At all times relevant, Johnson was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.*

78. Defendant treated Johnson differently from other similarly situated employees based on his age.

79. As of April 6, 2019, Johnson was fully qualified for the position he applied for with the Defendant.

80. Johnson, at age 64, was a member of a statutorily-protected class under R.C. § 4112.01 *et seq* at the time Defendant failed to hire him.

81. Ruan refused to hire Johnson because of Johnson's age.

82. Upon information and belief, Johnson's position was filled by person(s) outside of Johnson's protected class under R.C. § 4112.01 *et seq.*

83. Upon information and belief, Johnson's position was filled by person(s) outside of Johnson's protected class under R.C. § 4112.01 *et seq.*

84. Defendant violated R.C. §4112.02 and R.C. § 4112.99 by discriminating against Johnson based on his age.

85. Johnson suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

86. As a direct and proximate result of the Defendant's conduct, Johnson suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Johnson demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Johnson to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Johnson for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Johnson's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f)  An award of such other relief as this Court may deem necessary and proper.


Respectfully submitted,

/s/ *Fred M. Bean*
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email:  fred.bean@spitzlawfirm.com
        taurean.shattuck@spitzlawfirm.com


*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Fredrick Johnson demands a trial by jury by the maximum number of jurors permitted.

/s/ *Fred M. Bean*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**